IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. CCB-14-169 |
| ROBERT COLLINS | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Robert Collins Jr. is a federal prisoner who is serving a 125-month sentence for two armed robberies committed in 2013. Now pending is Collins's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on the death of his minor grandchildren's caregiver. (ECF 85).[1] The government opposes the motion. (ECF 88), and Collins has replied, (ECF 93). For the reasons explained below, the motion will be denied.

## BACKGROUND

On December 15, 2013, Collins committed armed robberies of two Baltimore restaurants. (ECF 54 at 5–6 (Plea Agreement)). On April 9, 2014, Collins was indicted for two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One and Three); two counts of using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two and Four); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 992(g) (Count Five). (ECF 1 (Indictment)).

On April 15, 2014, Collins pled guilty to Counts One, Two, and Three. (*See* ECF 54). Counts Four and Five were dismissed on motion of the government. (ECF 68 (Judgment)). The sentencing judge imposed a 125-month sentence, which was below the advisory guideline range.

---

[1] Collins previously filed a *pro se* motion for compassionate release arguing the same grounds for relief. (ECF 82).

(ECF 69 (Statement of Reasons)). The sentencing judge explained that a below-guidelines sentence was warranted, in part, because of Collins's "age [49 years old at the time of sentencing], evident remorse, and the parties' C Plea agreement." (*Id.*). The sentencing judge also noted Collins's long history of substance abuse. (*Id.*).

Between 2018 and 2019, Collins suffered two personal tragedies: the loss of his wife of over twenty years and one of his daughters. As a result of these tragedies, two of Collins's minor grandchildren are without a stable caregiver. Collins argues that his grandchildren's unstable situation—and the need for Collins to assume responsibility for their care—constitutes an "extraordinary and compelling reason" for relief under the compassionate release statute.

The parties agree that Collins's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is properly before the court.[2] The only issues are whether "extraordinary and compelling reasons" warrant reduction of Collins's sentence and, if so, whether the § 3553(a) factors weigh in favor of such a reduction.

## DISCUSSION

Collins acknowledges that his requested ground for relief—the unstable living condition of his two minor grandchildren—is not directly covered by the United States Sentencing Commission's Policy Statement regarding "extraordinary and compelling reasons" for a sentence reduction.[3] Collins nonetheless argues that the situation is aligned with the "spirit" of the Policy Statement, which is "to account for circumstances in which young family members are left

---

[2] The government does not dispute that Collins exhausted his administrative remedies prior to the filing of this motion. (Opp'n at 9, ECF 88).
[3] According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the BOP, "reason[s] other than, or in combination with" health, age, or caregiver-related reasons. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D).

without a caregiver." (Reply at 5, ECF 93). The government counters that Collins does not demonstrate "extraordinary and compelling reasons" for release because (1) the minor children are Collins's grandchildren rather than his children; (2) multiple other caregivers are available within the family; (3) if released, Collins would be relying on those family members for his own support and is thus not in a position to provide support for the children; and (4) Collins's criminal history and history of substance abuse make him an unsuitable caregiver.

As this court and others have held, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases). But even if Collins's family situation *is* extraordinary and compelling, the relevant question is whether it justifies a reduced sentence. Here, the court finds that it does not.

Collins requests compassionate release so that he may act as a caregiver for his two minor grandchildren, who are without stable housing due to the financial and health constraints of other members of Collins's family. But the court is not persuaded that Collins is the person best suited to take responsibility for these children. While the court does not doubt Collins's sincere desire to care for his grandchildren, it does not appear he is equipped to provide them with the stability he claims they lack in their current situation. Collins has, by his own admission, long struggled with addiction, and has received citations for the use of drugs or alcohol as recently as August 2019. (*See* ECF 84-12 (BOP Disciplinary Record)). He is currently serving a sentence for two violent, armed robberies, and his criminal record reflects that this was not the first time he engaged in such conduct. (*See* Opp'n at 17–19, ECF 88 (detailing Collins's criminal

history, which includes several state convictions for violent, armed robberies)).[4] Moreover, if released, Collins would be himself relying on members of his family for support, underscoring the real possibility that Collins would be unable to provide financially for the children. Accordingly, the court finds that Collins has not shown an extraordinary and compelling reason justifying the imposition of a reduced sentence.

## CONCLUSION

For the reasons explained above, Collins's motion for compassionate release will be denied. As sensitive information regarding Collins's minor grandchildren appears in the briefing, the motions to seal associated with this motion will be granted. A separate order follows.

| | |
|---|---|
|   6/15/20   <br> Date |     /S/     <br> Catherine C. Blake <br> United States District Judge |

---

[4] The warden of FCI Hazelton denied Collins's application for a Reduction in Sentence in part because of Collins's "violent criminal history." (ECF 89-2).